FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 24 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

GILBERT LIRA, individually and on behalf of others similarly situated,

*Plaintiff,*

v.

THE HALL GROUP, INC., and
HALL TANK COMPANY, LLC.

*Defendants.*

CLASS AND COLLECTIVE ACTION COMPLAINT

Jury Trial Demanded

Civil Action No.: 4:26-cv-412-KGB

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff GILBERT ALLEN LIRA ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This is a collective action on behalf of Plaintiff and all others similarly situated who worked for Defendants The Hall Group, Incorporated and Hall Tank Company, LLC (collectively, "Defendants") as hourly-paid manufacturing and production employees and who were unlawfully denied wages for all hours worked and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.*

2. Plaintiff brings this action individually and on behalf of all other similarly situated hourly-paid employees who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation unlawfully withheld by Defendants, liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs.



This case assigned to District Judge Baker
and to Magistrate Judge Kearney

3. Plaintiff also brings this action individually, and on behalf of all other similarly situated employees, to recover unpaid straight-time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' violations of the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, including Ark. Code Ann. §§ 11-4-211 and 11-4-218.

4. Defendants violate the FLSA and the AMWA through unlawful timekeeping and payroll practices applied to non-exempt hourly employees, including:

a. Failing to record and pay employees for all hours worked by crediting time based on scheduled shifts rather than actual clock-in and clock-out times, resulting in unpaid compensable pre-shift and post-shift work, and the suppression of straight-time and overtime hours through rounding, time-shaving, and time-editing practices;

b. Failing to pay all overtime compensation owed by using practices that reduce or reallocate hours worked in excess of forty (40) in a workweek, including by "banking" hours worked in overtime weeks and later paying those hours at straight time rather than the required overtime premium; and

c. Failing to maintain accurate time and payroll records and altering employee time entries, including through manual adjustments and payroll edits that reduce compensable time and conceal overtime owed.

5. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and on behalf of a putative "FLSA Collective," defined as:

> *All hourly-paid manufacturing and production employees employed by Defendants in the United States at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

6. Plaintiff also brings his claims under the AMWA, Ark. Code Ann. § 11-4-201 *et seq.*, including Ark. Code Ann. §§ 11-4-211 and 11-4-218, individually and on behalf of a class pursuant to Federal Rule of Civil Procedure 23 on behalf of the "Arkansas Class," defined as:

> *All hourly-paid manufacturing and production employees employed by Defendants to work in Arkansas at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201 *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's Arkansas state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendants because Defendants are domiciled in Arkansas and conduct substantial business operations within this District.

10. Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Defendants

11. Defendant The Hall Group, Incorporated is an Arkansas for-profit corporation organized and existing under the laws of the State of Arkansas, with its principal place of business and substantial operations located at 3706 E. Washington Avenue, North Little Rock, Arkansas 72114.

12. Defendant Hall Tank Company, LLC is an Arkansas limited liability company organized and existing under the laws of the State of Arkansas, with its principal place of business and substantial operations located at 3706 E. Washington Avenue, North Little Rock, Arkansas, where it operates fabrication and manufacturing activities.

13. Defendants operate manufacturing and fabrication facilities located in North Little Rock, Arkansas, where they produce industrial products, including fabricated tanks and related components.

14. During the relevant time period, Defendants employed Plaintiff and members of the FLSA Collective as hourly-paid manufacturing, production, and production-support employees.

**Plaintiff**

15. Plaintiff is a resident of Lonoke County, Arkansas.

16. Plaintiff has been employed by Defendants as an hourly-paid employee at Defendants' North Little Rock, Arkansas facility since at least July 2024, including in the role of Welder.

## FACTUAL ALLEGATIONS

17. At all relevant times, Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

18. At all relevant times, Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

19. At all relevant times, Defendants operate an enterprise that has two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20. At all relevant times, Defendants operate an enterprise with an annual gross volume of sales made or business done in excess of $500,000.

21. At all relevant times, Plaintiff and other members of the FLSA Collective are engaged in commerce and/or in the production of goods for commerce and are subject to individual coverage under the FLSA.

***Defendants' Operations and Workforce***

22. Defendants operate a manufacturing and fabrication facility in North Little Rock, Arkansas, where they fabricate and manufacture industrial products, including tanks and related components.

23. Plaintiff works for Defendants as an hourly-paid employee, including as a welder.

24. During the relevant time period, Plaintiff was paid on an hourly basis at a regular rate of approximately $23.00 per hour.

***Timekeeping and Payroll System***

25. Defendants maintain timekeeping and payroll practices for hourly-paid manufacturing and production employees.

26. Those practices tie payment, in whole or in part, to scheduled shifts rather than to all time employees work and record.

27. Those practices result in hourly-paid manufacturing and production employees being paid for fewer hours than they work.

28. That underpayment includes unpaid compensable work performed before scheduled shifts.

29. That underpayment also includes unpaid compensable work performed after scheduled shifts.

30. Defendants maintain written policies governing timekeeping, overtime, attendance, and discipline.

31. Defendants apply those policies and related practices to hourly-paid manufacturing and production employees.

32. Defendants use an electronic timekeeping and payroll system for hourly-paid manufacturing and production employees at the North Little Rock facility.

33. Hourly-paid manufacturing and production employees record work time using that system.

34. Defendants use the system's time data to determine hours paid through payroll.

35. Defendants use recorded punches, together with scheduling rules, rounding, edits, adjustments, and other timekeeping or payroll practices, to determine the amount of time credited for payroll, which is not always the same as the amount of time employees work and record.

36. Defendants maintain practices that limit or reduce payment for compensable work time occurring before scheduled shifts.

37. Defendants also maintain practices that limit or reduce payment for compensable work time occurring after scheduled shifts.

38. Those practices affect the time that hourly-paid manufacturing and production employees record through Defendants' timekeeping system.

39. Defendants control whether and how recorded work time is credited and paid.

40. Defendants maintain policies or practices that restrict early clock-ins relative to scheduled shift times.

41. Defendants also maintain policies or practices that restrict late clock-outs relative to scheduled shift times.

42. Defendants also apply rounding rules, adjustment rules, time edits, or similar practices that affect the amount of time credited for payroll.

43. Defendants maintain control over timekeeping corrections and adjustments.

44. Defendants have the authority to determine whether recorded time is credited and paid.

45. Defendants issue pay statements reflecting paid hours derived from Defendants' timekeeping system and payroll practices.

46. Those pay statements reflect regular hours and overtime hours when applicable.

***Non-Neutral Rounding, Time Shaving Practices, and Overtime Violations***

47. Defendants' timekeeping and payroll practices are not neutral in effect and operate to reduce compensable time credited and paid to hourly-paid manufacturing and production employees.

48. Those practices systematically result in hourly-paid manufacturing and production employees being paid for fewer hours than they work and record.

49. Plaintiff and other hourly-paid manufacturing and production employees regularly work shifts of approximately ten (10) hours per day and are frequently scheduled, required, or otherwise suffered or permitted to work additional shifts, extended hours, or other work time in a workweek.

50. As a result, Plaintiff and similarly situated employees regularly work more than forty (40) hours in a workweek.

51. Defendants know or should know that such overtime work is being performed.

52. Hourly-paid manufacturing and production employees perform compensable work before scheduled shifts.

53. Hourly-paid manufacturing and production employees also perform compensable work after scheduled shifts.

54. Defendants suffer or permit this work to be performed but fail to pay employees for all such time, including work that employees record in Defendants' timekeeping system.

55. Defendants' timekeeping records reflect employees' clock-in and clock-out activity.

56. Defendants' payroll practices nevertheless result in hourly-paid manufacturing and production employees being paid for fewer hours than their recorded work time.

57. In some workweeks, Defendants' practices result in unpaid straight-time wages for compensable work performed.

58. In other workweeks, including workweeks in which hourly-paid manufacturing and production employees work more than forty (40) hours, Defendants' practices result in underpayment of overtime compensation.

59. Defendants also maintain and apply practices that shift or defer hours worked from workweeks in which employees work more than forty (40) hours to later workweeks or pay periods.

60. Through these practices, Defendants "bank" hours worked in overtime workweeks by shifting or deferring them to later workweeks or pay periods and then compensate those hours at the employees' straight-time hourly rate rather than at the required overtime premium.

61. At times when Defendants compensate employees for certain overtime hours, those hours are paid at the employees' straight-time hourly rate rather than at the required overtime premium rate.

62. Defendants also require employees to work overtime hours during certain holiday periods.

63. Defendants later alter, edit, shift, or credit time associated with those hours to different pay periods.

64. As a result of these practices, Defendants avoid paying the required overtime premium for some or all of those overtime hours worked.

65. Defendants control the timekeeping system, scheduling practices, approvals, payroll practices, and related processes used to record and compensate employees' work time.

66. Defendants know or should know that their timekeeping and payroll practices result in underpayment because Defendants control the timekeeping system, scheduling practices, approvals, and payroll processes used to record and compensate employees' work time.

67. Through these policies and practices, Defendants fail to pay Plaintiff and members of the FLSA Collective all straight-time wages and overtime wages due.

## COLLECTIVE ACTION ALLEGATIONS

68. Plaintiff re-alleges and incorporates all previous paragraphs herein.

69. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective defined above.

70. Plaintiff and other members of the FLSA Collective regularly worked more than forty (40) hours in a workweek as suffered or permitted by Defendants.

71. Defendants subjected Plaintiff and other members of the FLSA Collective to uniform and unlawful timekeeping and payroll practices that resulted in employees not being paid for all hours worked and not receiving overtime compensation required by the FLSA.

72. These unlawful practices arise from common, centralized timekeeping and payroll practices applied to hourly-paid employees, not discretionary decisions unique to individual employees.

73. Defendants failed to pay Plaintiff and other members of the FLSA Collective overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by the FLSA.

74. As a result of Defendants' unlawful practices, in many workweeks, Plaintiff and other members of the FLSA Collective worked more than forty (40) hours, yet they were not paid overtime compensation at the required premium rate.

75. Defendants' conduct and practices were willful and not undertaken in good faith. Defendants knew, or recklessly disregarded, that their timekeeping and payroll practices resulted in employees not being paid proper overtime compensation under the FLSA.

76. Plaintiff and other members of the FLSA Collective were subjected to the same common unlawful policies and practices that violated the FLSA.

77. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because Plaintiff and the members of the FLSA Collective are similarly situated within the meaning of 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective members are similarly situated because they were all hourly-paid employees who were subject to the same or similar timekeeping and payroll practices, and their claims arise from the same factual and legal theories.

78. Defendants maintained policies and practices that resulted in hourly-paid employees not being paid for compensable work performed before and after scheduled shifts, including time recorded in Defendants' timekeeping system.

79. Defendants' common timekeeping and payroll practices resulted in hourly-paid employees being paid for fewer hours than they worked and recorded, including compensable work time before and after scheduled shifts, and the resulting suppression of straight-time and overtime wages.

80. The application of Defendants' unlawful policies and practices did not depend on the individualized circumstances of Plaintiff or other members of the FLSA Collective. Rather, the same practices are applied uniformly to all members of the FLSA Collective.

81. Plaintiff estimates that the FLSA Collective consists of numerous similarly situated hourly-paid employees. The precise number of FLSA Collective members is readily ascertainable from Defendants' payroll and personnel records.

## CLASS ACTION ALLEGATIONS

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. Plaintiff seeks to pursue his Arkansas Minimum Wage Act ("AMWA") claims, including claims under Ark. Code Ann. §§ 11-4-211 and 11-4-218, individually and pursuant to Federal Rule of Civil Procedure 23 as an opt-out class action on behalf of the Arkansas Class.

84. Plaintiff brings this class action to recover unpaid straight-time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the AMWA.

85. Damages to Arkansas Class members can be calculated using Defendants' own timekeeping and payroll records through common proof.

86. The members of the Arkansas Class are so numerous that joinder of all Class members is impracticable. Plaintiff reasonably estimates that there is a substantial number of Class members. The members of the Arkansas Class are readily identifiable from Defendants' payroll, timekeeping, and personnel records.

87. There is a well-defined community of interest among the Arkansas Class members, and common questions of law and fact predominate over any questions affecting individual Class members. These common questions include, but are not limited to, whether Defendants maintain

common and unlawful timekeeping and payroll practices that fail to pay employees for all hours worked, whether Defendants fail to pay overtime compensation owed, and whether Defendants' practices violate the AMWA.

88. Plaintiff's claims are typical of the claims of the Arkansas Class members in that Plaintiff and all other Class members suffer damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All Class members are subject to the same corporate-wide practices of Defendants, including the failure to pay straight-time and overtime wages. Separate litigation by individual employees would present a risk of inconsistent or varying adjudications.

89. All Class members are treated the same or similarly by Defendants with respect to pay practices, including but not limited to the failure to pay straight-time and overtime wages. Accordingly, common questions of law and fact apply to each and every member of the Arkansas Class.

90. Plaintiff will fairly and adequately protect the interests of the Arkansas Class. Plaintiff has retained counsel experienced in the prosecution of wage-and-hour class and collective actions. Neither Plaintiff nor his counsel has interests that are antagonistic to or in conflict with the interests of the Arkansas Class members.

91. Defendants' corporate-wide policies and practices affect all Arkansas Class members similarly, and Defendants benefit from the same type of unlawful conduct with respect to each Class member. Plaintiff's claims arise from the same legal theories as those of the Arkansas Class, making this action manageable and efficient as a Rule 23 class action.

92. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class members are

relatively small, making individual litigation economically impracticable. Proceeding as a class action will also avoid duplicative litigation and inconsistent results.

93. This action is manageable as a Rule 23 class action, and Plaintiff and his counsel are aware of no unusual difficulties that would preclude class treatment of the claims.

94. Because the requirements of Rule 23(b)(3) are satisfied, certification of the Arkansas Class is appropriate.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Wages**

95. Plaintiff re-alleges and incorporates all previous paragraphs herein.

96. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

97. Defendants suffered and permitted Plaintiff and the members of the FLSA Collective to work over forty (40) hours in one or more workweeks.

98. As a result of the policies and practices alleged herein, Defendants failed to pay Plaintiff and the members of the FLSA Collective the full overtime compensation due for hours worked in excess of forty (40) in a workweek.

99. Defendants' conduct and practices, as described herein, were willful and not undertaken in good faith.

100. Because Defendants willfully violated the FLSA, the three (3) year statute of limitations applies to Plaintiff's claims pursuant to 29 U.S.C. § 255(a).

101. As a result of Defendants' uniform and common timekeeping and payroll practices described above, Plaintiff and the members of the FLSA Collective were unlawfully deprived of overtime wages earned, in amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked up to forty (40) hours in workweeks in which overtime was worked, liquidated damages, reasonable attorneys' fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**Violation of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-*201 et seq.***
**Failure to Pay Overtime Wages**

102. Plaintiff re-alleges and incorporates all previous paragraphs herein.

103. The Arkansas Minimum Wage Act ("AMWA") requires employers to pay non-exempt employees overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. See Ark. Code Ann. § 11-4-211.

104. Defendants are "employers" of Plaintiff and the members of the Arkansas Class within the meaning of the AMWA.

105. Plaintiff and the members of the Arkansas Class are "employees" of Defendants within the meaning of the AMWA.

106. Defendants employ Plaintiff and the members of the Arkansas Class within the State of Arkansas during the applicable limitations period.

107. Defendants fail to pay Plaintiff and the members of the Arkansas Class for all overtime compensation owed for hours worked in excess of forty (40) hours in a workweek, including by failing to pay for compensable time worked before and after scheduled shifts and by

reducing or reallocating compensable work time through rounding, time-shaving, and time-editing practices.

108. In many workweeks, Plaintiff and the members of the Arkansas Class work in excess of forty (40) hours but are not compensated at one and one-half (1.5) times their regular rates of pay for all overtime hours worked.

109. Defendants knowingly and/or recklessly disregard their obligations under Arkansas law to ensure that all overtime hours worked by Plaintiff and the members of the Arkansas Class are accurately recorded and properly compensated at the required premium rate.

110. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the members of the Arkansas Class are unlawfully deprived of overtime compensation earned, in amounts to be determined at trial, and are entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under the AMWA, including Ark. Code Ann. § 11-4-218.

## COUNT III
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**Violation of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.***
**Failure to Pay Wages for All Hours Worked**

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. The AMWA requires employers to pay non-exempt employees wages for all hours worked, including compensable work time suffered or permitted by the employer. See Ark. Code Ann. §§ 11-4-210 and 11-4-218.

113. Defendants are "employers" of Plaintiff and the members of the Arkansas Class within the meaning of the AMWA.

114. Plaintiff and the members of the Arkansas Class are "employees" of Defendants within the meaning of the AMWA.

115. Defendants employ Plaintiff and the members of the Arkansas Class within the State of Arkansas during the applicable limitations period.

116. Plaintiff and the members of the Arkansas Class perform compensable work time before scheduled shifts, after scheduled shifts, and/or outside recorded shift times, including time that Defendants' timekeeping system records but Defendants' payroll practices do not fully credit or pay.

117. Defendants fail to pay Plaintiff and the members of the Arkansas Class for all compensable hours worked by, among other things, crediting time based on scheduled shifts rather than actual time worked, and reducing compensable time through rounding, time-shaving, and time-editing practices.

118. As a result of Defendants' policies and practices, Plaintiff and the members of the Arkansas Class are deprived of straight-time wages for compensable work performed, including in workweeks in which overtime compensation is also owed.

119. Defendants know or should know that Plaintiff and the members of the Arkansas Class perform compensable work for which they are not paid because Defendants control the timekeeping system, time approvals, and payroll practices used to calculate and pay wages.

120. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the members of the Arkansas Class are unlawfully deprived of wages earned, in amounts to be determined at trial, and are entitled to recover unpaid wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under the AMWA, including Ark. Code Ann. § 11-4-218.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. Certify this action as a collective action pursuant to 29 U.S.C. § 216(b) and authorize notice to be sent to all similarly situated employees informing them of their right to opt into this action;

B. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Arkansas Class;

C. Designate Plaintiff as the representative of the FLSA Collective and the Arkansas Class and designate Plaintiff's counsel as Class Counsel;

D. Declare that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.*;

E. Award Plaintiff and the members of the FLSA Collective and Arkansas Class all unpaid wages due, including unpaid straight-time and overtime compensation;

F. Award liquidated damages as permitted by the FLSA and the Arkansas Minimum Wage Act;

G. Award pre-judgment and post-judgment interest to the fullest extent permitted by law;

H. Award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218;

I. Award such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: April 16, 2026

By: /s/ Nicholas Conlon

Nicholas Conlon (to seek PHV)
Michael Rinderman (to seek PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Lead Counsel for Plaintiff*

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

GILBERT LIRA, individually and on behalf of others similarly situated,

Plaintiff,

vs.

THE HALL GROUP, INC., and HALL TANK COMPANY, LLC.,

Defendant(s).

**CONSENT TO SUE**

I consent to the filing of this form in, and to join and become a plaintiff in the above-captioned collective action lawsuit, to pursue my claim for unpaid wages, while working in the position(s) of Welder for the Defendant(s) THE HALL GROUP, INC., and HALL TANK COMPANY, LLC. at any time within the period of the last three years. I understand that this lawsuit seeks unpaid wages, liquidated damages, and attorneys' fees and costs under the FLSA and similar relief under applicable state wage-and- hour laws. I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC, and to be bound by any settlement of this action or adjudication by the Court.

**Signed:** Gilbert Lira **Dated:** 04/06/2026

**Name:** Gilbert Lira